IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| WINFRED N. WOLLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO.   3:23CV-306-CHB |
| COLLINS AEROSPACE HEADQUARTERS | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Goodrich Corporation (which operates under the marketing name "Collins Aerospace")[1] (the "Company"), by its attorneys and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal of the above titled action to this Court from the Circuit Court of Jefferson County, Kentucky. In support of this Notice of Removal, Company states as follows:

### BACKGROUND

1. On May 19, 2023, Plaintiff filed his Complaint in the Circuit Court of Jefferson County, Kentucky, titled Winfred N. Wollor v. Collins Aerospace Headquarters, Case No. 23CI03088. In his Complaint, Plaintiff, a former employee of the Company, brings claims for "discrimination and wrongful termination." (Compl., p. 1.)

2. On May 30, 2023, the Company received a copy of the Complaint and the attached Summons via mail at the Company's corporate headquarters in Charlotte, North Carolina. Copies

---

[1] The correct name for the legal entity that employed Plaintiff is Goodrich Corporation, which does business as Collins Aerospace.

of the Summons, Plaintiff's Complaint, and all other process, pleadings, and orders served on the Company are attached hereto as Exhibit 1.

3. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed within 30 days after the Company's receipt of a copy of an initial pleading setting forth the claim or relief upon which this action is based.

## DIVERSITY JURISDICTION

4. This action is removable under 28 U.S.C. § 1441 because it is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The requirements of 28 U.S.C. § 1332(a) have been met because, as set forth below, there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

**A. The Parties are Diverse.**

5. Section 1332 defines corporate citizenship as follows: "[f]or the purposes of this section and section 1441 of this title . . . a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 88 (2010). A corporation's principal place of business is the place where the corporation's officers direct, control, and coordinate the corporation's activity, and, in practice, that place "should normally be the place where the corporation maintains its headquarters." *Hertz*, 559 U.S. at 92-93.

6. Plaintiff is a citizen of the State of Kentucky. (Compl., p. 1.)

7. The Company was incorporated under the laws of the State of New York and its headquarters are in Charlotte, North Carolina. Its corporate officers direct, control, and coordinate the corporation's activity from the Company's headquarters in Charlotte, North Carolina.

2

8. Thus, the Company is a citizen of the State of New York, where it is incorporated, and the State of North Carolina, where it has its principal place of business.

**B. The Amount in Controversy Exceeds $75,000.**

9. When determining whether diversity jurisdiction exists, the Court must focus on the amount in controversy at the time of removal. "Ordinarily, a plaintiff is considered master of his complaint." *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 469 (6th Cir. 2019). Accordingly, "[i]n diversity cases, the general rule is that the amount claimed by a plaintiff in his complaint determines the amount in controversy." *Rosen v. Chrysler Corp.*, 205 F.3d 918, 920-21 (6th Cir. 2000).

10. Plaintiff alleges he is "seeking damages in excess of $300,000." (Compl., p. 1.) Although the Company denies that Plaintiff is entitled to any relief whatsoever, this allegation establishes that the amount in controversy exceeds $75,000.

11. Because this action is between citizens of different states and the amount in controversy clearly exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

**VENUE AND NOTICE TO STATE COURT**

12. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This action is pending in the Circuit Court of Jefferson County, Kentucky, and, therefore, venue for purposes of removal is proper in this Court pursuant to 28 U.S.C. § 1441(a). The Company, therefore, removes this action to the United States District Court for the Western District of Kentucky – Louisville Division.

13. Prompt written notice of this Notice of Removal is being sent to Plaintiff, who is proceeding *pro se*, and to the Clerk of Court of the Circuit Court of Jefferson County, as required by 28 U.S.C. § 1446(d). A copy of the notice is attached as Exhibit 2.

14. The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, certifies that the Company's factual allegations have evidentiary support, and its legal contentions are warranted by existing law. The undersigned also certifies that this Notice of Removal is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needless increase in the cost of litigation.

15. The Company submits this Notice without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has any claims upon which relief may be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief.

Dated June 16, 2023

Respectfully submitted,

GOODRICH CORPORATION (operating under the marketing name COLLINS AEROSPACE)

*/s/ Mitchel T. Denham*
Mitchel T. Denham
McBrayer PLLC
500 W. Jefferson Street, Suite 2400
Louisville, KY 40202
(502) 327-5400 - Telephone
mdenham@mcbrayerfirm.com

*Pro hac vice motions forthcoming*

Kyle A. Petersen
Illinois Bar No. 6275689
Melissa K. Taft
Indiana Bar No. 29253-53
SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, IL 60606-6448
Telephone:  (312) 460-5000
kpetersen@seyfarth.com
mtaft@seyfarth.com

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2023, a true and correct copy of DEFENDANT'S NOTICE OF REMOVAL was filed electronically. On June 16, 2023, notice of this filing will be sent by first class U.S. mail, proper postage prepaid, to the following *pro se* party:

Winfred Wollor
9502 Golders Green Circle, # 101
Louisville, Kentucky 40229

*/s/ Mitchel T. Denham*
Mitchel T. Denham